UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LOHREY ENTERPRISES, INC.,                             No. 08-12206

                   Debtor(s).
_____/

OWENS TRUST, et al.,

                   Plaintiff(s),

      v.                                                     A.P. No. 09-1001

RICHARD SCHWALBE, Trustee, et al.,

                   Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

On June 6, 2008, debtor Lohrey Enterprises, Inc., entered into a secured transaction with defendant Podium Financial Group, Inc., pledging its laundry business equipment as collateral.[1] In this adversary proceeding, plaintiffs Vestin Mortgage, Inc., and Owens Trust allege that Vestin[2] has a

---

[1] The transaction was styled as a sale and leaseback.

[2] Owens has subordinated its interests to Vestin.

1

senior security interest in the same equipment. Podium has moved for summary judgment.

Plaintiffs did not file a memorandum of law in opposition to the motion. However, they did file a declaration establishing that two years before the Podium transaction Vestin loaned $16,000,000.00 to Lohrey Investments LLC, an entity related to Lohrey Enterprises, Inc. The declaration avers that part of the loan was to be used for laundry equipment, Vestin was given a security interest in that equipment, and the security interest was properly perfected. Thus, Vestin argues that its security interest in the laundry equipment is senior to that of Podium.

There appears to be a triable issue of fact in this case as to whether any of the equipment subject to the dispute was ever the property of Lohrey Investments LLC. If it was, § 9507 of the California Commercial Code would give plaintiffs a senior security interest notwithstanding subsequent transfer of the equipment to Lohrey Enterprises, Inc. See *Bank of the West v. Commercial Credit Fin. Serv.,* 852 F.2d 1162, 1174 (9th Cir. 1988).

There being a disputed issue of material fact as to whether any of the disputed equipment was ever owned by Lohrey Investments, summary judgment cannot be granted. Any party may submit an appropriate form of order.

Dated: October 5, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge