**Entered on Docket
January 12, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LOHREY ENTERPRISES, INC.,                                    No. 08-12206

                         Debtor(s).
_____/

OWENS TRUST, et al.,

                         Plaintiff(s),

                         v.                                     A.P. No. 09-1001

RICHARD SCHWALBE, Trustee, et al.,

                         Defendant(s).
_____/

Memorandum After Trial
_____

     In 2003, Lohrey Investments LLC ("Investments") was in Chapter 11 bankruptcy proceedings. When it filed, its only significant asset was the real property at 8190 Murray Avenue in Gilroy. It leased this property to an unrelated company operating a laundry.

     When the laundry operator decided to close its business, Investments sought and obtained leave of this court to purchase the laundry equipment remaining on the premises and some new equipment. The lender financing the transaction was Owens Mortgage Investment Fund, now a plaintiff as Owens

1

Trust ("Owens"). Pursuant to the agreement, Owens was given a security interest in the equipment and filed a UCC-1 financing statement.

In 2006, plaintiff Vestin Mortgage, Inc. ("Vestin") loaned Investments $16 million secured by both the real property and the equipment Vestin thought Investments had purchased with the loan made by Owens.[1] On July 26, 2006, Vestin filed a UCC-1 financing statement identifying all of Investment's equipment as its collateral.

The principal of Investments was David Lohrey, who is not a party to this adversary proceeding. Unknown to Owens, and later to Vestin, Lohrey formed another entity, Lohrey Enterprises, Inc. ("Enterprises"), to operate the laundry business under the name West Coast Linens. For tax purposes, Enterprises was the operator of the business and Investments was the landlord. Lohrey treated both Investments and Enterprises as his alter egos. He did not tell Owens that he was transferring money loaned to Investments by Owens to Enterprises and using those funds to purchase equipment in the name of Enterprises, not Investments. Although this court had authorized Investments to purchase the laundry equipment left by the former tenant, Enterprises was named as the purchaser in the sale documents and the equipment was carried on its books, not Investments.

In June of 2008, Lohrey arranged for Enterprises to borrow $800,000.00 from defendant Podium Financial Group under a sale and leaseback transaction. As part of this transaction, Podium was to be given a security interest in all of Enterprise's equipment. As part of its due diligence, Podium conducted a search of financing records. However, it searched only under the name of "Lohrey Enterprises, Inc." and not under the name "Lohrey Investments, LLC." Thus, it did not discover the earlier UCC-1 filed by Vestin. Podium knew of the existence of Investments, having required and obtained a written warranty by Investments that it had no interest in any of the equipment on the premises.

---

[1] The purpose of the Vestin loan was to "take out" Owens as a lender. However, Owens remains liable to Vestin and thus has an economic stake in the outcome of this case. For this reason, the motion of defendant Podium to dismiss Owens from the case will not be granted.

2

The dispute now before the court is between Vestin and Podium over who has the senior security interest in the laundry equipment. Vestin's UCC-1 was filed first, but identifies the debtor as "Lohrey Investments LLC," when the equipment was actually owned by "Lohrey Enterprises, Inc." Podium's UCC-1 was filed later, but accurately names the debtor. Podium blames Vestin (and its predecessor in interest, Owens) with creating this situation by not verifying that the equipment was being taken in the name of Investments. Vestin blames Podium for not discovering its UCC-1.

While Podium could have avoided this situation by searching under the name of Investments, it was not obligated to do so. The primary failure was that of Vestin and its predecessor in interest Owens. Had Owens made sure that its loan proceeds were in fact being used to buy equipment in the name of Investments, subsequent transfer of the equipment to Enterprises would not have invalidated its security interest. *Bank of the West v. Commercial Credit Fin. Serv.,* 852 F.2d 1162, 1174 (9$_{th}$ Cir. 1988). However, neither the original equipment acquired during the 2002 Chapter 11 proceedings nor that purchased with loans from Owens after that case was closed was ever in the name of Investments.

Pursuant to § 9502(a)(1) of the California Commercial Code, a financing statement is sufficient only if it provides the name of the debtor. Section 9503(a)(1) requires that if the debtor is a corporation the name on the financing statement must be the name on public records; § 9503(e) provides that a financing statement may contain the name of more than one debtor. Since Investments never actually acquired any of the equipment, it was incumbent upon Owens and Vestin to discover that the equipment was actually owned by Enterprises (which the could have done by reviewing bills of sale and invoices) and to file a UCC-1 identifying both Investments and Enterprises as debtors. Their failure to do so rendered their UCC-1 defective and insufficient to perfect their security interests against the later security interest of Podium.

For the foregoing reasons, judgment will be entered in favor of Podium and against Owens and Vestin and declaring that Podium has a valid, enforceable, senior security interest in the equipment of Enterprises.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and

1  FRBP 7052. Counsel for Podium shall submit an appropriate form of judgment forthwith.

3  Dated: January 12, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge